IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DRAKE M. WARD, et al., | ) | No. CV-F-04-6276 REC/DLB |
| | ) | |
| | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO COMPLY WITH COURT |
| Plaintiff, | ) | ORDER AND TO PROSECUTE AND |
| | ) | DIRECTING CLERK TO ENTER |
| vs. | ) | JUDGMENT FOR DEFENDANTS |
| | ) | |
| | ) | |
| MACK WIMBISH, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

By Order filed on May 19, 2005, plaintiffs were directed to file a Second Amended Complaint within 30 days of the filing date of the Order.  Plaintiffs were specifically advised that "[f]ailure to timely comply will result in the dismissal of this action."  As of August 4, 2005, plaintiffs have not complied with this order.

Rule 41(b), Federal Rules of Civil Procedure, provides for dismissal of an by the court sua sponte "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283-

1

284 (9th Cir. 1970), cert. denied, 401 U.S. 1009 (1971). Before imposing dismissal as a sanction the court must weigh the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). Dismissal as a sanction should be imposed only in extreme circumstances." Id.

    The relevant factors weigh in favor of dismissal of this action because of plaintiffs' failure to file a Second Amended Complaint within the time ordered by the court. The public's interest in expeditious resolution of litigation is not served because, without a Second Amended Complaint, there is no pleading before the court to which defendants can respond and no basis for any discovery or other pretrial proceedings. The court's docket is very extensive and cannot be managed efficiently and expeditiously if parties fail to comply with court orders, especially court orders to file an amended complaint. The risk of prejudice to defendants also weighs in favor of dismissal. As noted, the absence of a Second Amended Complaint leaves the defendants in limbo concerning the further prosecution of this action and requires the expenditure of time and money to monitor this action in order to protect their rights. Although public policy favors disposition of cases on their merits, the absence of a Second Amended Complaint precludes this disposition. The

2

1  court notes that plaintiff paid the filing fee when he commenced
2  this action.  Therefore, the court cannot assume that plaintiff
3  is unable to pay a monetary sanction.  However, poised against
4  this consideration is the fact that the court specifically
5  advised plaintiffs that the failure to comply with the court's
6  order would result in dismissal of this action.  See <u>Malone v.</u>
7  <u>U.S. Postal Service</u>, 833 F.2d 128-132-133 (9th Cir. 1987), <u>cert.</u>
8  <u>denied</u>, 488 U.S. 819 (1988)(warning a plaintiff that failure to
9  obey a court order will result in dismissal can suffice to meet
10 the "consideration of alternatives requirement).
11      ACCORDINGLY:
12      1.  This action is dismissed pursuant to Rule 41(b), Federal
13 Rules of Civil Procedure, for failure to timely comply with a
14 court order and to prosecute.
15      2.  The Clerk of the Court is directed to enter judgment for
16 defendants.
17 IT IS SO ORDERED.
18 **Dated:  August 4, 2005**          /s/ Robert E. Coyle
   668554                      UNITED STATES DISTRICT JUDGE